IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VIRGINIA ELECTRIC AND POWER COMPANY,
d/b/a DOMINION VIRGINIA POWER.,
          Plaintiff,

v.                              Civil Action No. 3:17-cv-259-JAG

MICHAEL PETERS,
          Defendant.

## OPINION

In 2014, Virginia Electric and Power Company ("Dominion") obtained a $24.5 million judgement in this Court against Bransen Energy, Inc. ("Bransen"). Dominion has not been able to collect on its judgment and now brings this action to pierce Bransen's corporate veil and impose liability on Michael Peters, Bransen's owner and sole shareholder. Dominion also alleges that Peters breached his fiduciary duty to Dominion as a creditor.

Peters has moved to dismiss this action based on a lack of personal jurisdiction, *res judicata*, statute of limitations grounds, and other theories. The Court denies the motion. First, the Court has jurisdiction over Peters as an alter ego of Bransen. *Res judicata* does not bar the present claims because the issues presented in the prior litigation differ from those here. The statute of limitations also does not bar any of Dominion's claims based on the face of the complaint. Finally, none of Peters' novel theories concerning marshalling assets or the law of the case doctrine bar Dominion's suit.

## I. BACKGROUND

In 2011, Dominion and Bransen signed a $27 million contract for the sale of coal. Bransen breached that contract by delivering piles of unusable product—essentially black mud— hidden beneath a sheath of real coal. On February 15, 2012, Peters admitted wrongdoing during

1

an interview with Dominion and recognized that he needed to replace the coal. Rather than make good the breach, Peters looted more than $2.66 million from Bransen between 2012 and 2015. He did this even though the company lacked any operating income after 2012. In the same time frame, Peters added his wife as a signatory on Bransen's account and transferred thousands of dollars to her accounts even though she had no business connection to Bransen. Peters' mother, who also had no connection to Bransen, wrote two checks using Bransen's account between April and May 2013. Peters also founded a number of companies unrelated to Bransen, including Taylor Rose (June 2012), Bransen Holdings (July 2012), Primitive Creations (now Coal Stone) (September 2013), TR Nichols LLC (February 2014), and RPM Solutions LLC (June 2015), and diverted significant amounts of Bransen's money to each of them. To top off the decimation of Bransen, Peters unconditionally pledged its corporate assets to secure a $9 million note for Taylor Rose in July 2014.

On July 30, 2014, Dominion filed suit in this Court alleging that Bransen, a North Carolina corporation, breached its coal delivery contract.[1] The Court ultimately awarded compensatory damages of nearly $23 million and an additional $1.6 million in attorney's fees. Not surprisingly, Dominion has not collected this judgment because Bransen had no operating income after 2012 and started winding down operations around that time. Bransen now claims insolvency.

---

[1] The Court takes judicial notice of the 2014 case. A Rule 12(b)(6) motion gauges the sufficiency of a complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016). Accordingly, in evaluating such a motion, courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference. *Id.* at 166. In appropriate cases, however, courts may also (1) take judicial notice of public records, such as state court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Id.*; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

## II. DISCUSSION[2]

Peters has moved to dismiss Dominion's complaint, claiming that (1) this Court lacks personal jurisdiction over him, (2) due process precludes suit against him, (3) *res judicata* bars Dominion's claims, (4) the doctrine of marshalling assets bars Dominion's claims, (5) the statute of limitations bars the claims, (6) the law of the case doctrine bars the claims, and (7) Dominion fails to make a showing for punitive damages. For the reasons outlined below, the Court rejects each ground and denies this motion.

### A. Personal Jurisdiction[3]

Where a court rules on personal jurisdiction without the aid of an evidentiary hearing, the plaintiff must only make a prima facie showing of jurisdiction, and the court must "resolve all factual disputes in the plaintiff's favor." *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). In corporate veil piercing actions, due process permits personal jurisdiction over individuals if (1) they are the alter ego of a corporation and (2) that corporation would have been subject to the court's personal jurisdiction. *Newport News Holding Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011). Peters satisfies both requirements.

---

[2] Peters moves to dismiss under Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claim(s). *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] Peters claims that this Court cannot exercise jurisdiction over him without violating his due process rights because he is not subject to personal jurisdiction in Virginia. This section, however, establishes that he is subject to personal jurisdiction, and the Court denies his motion to dismiss on constitutional grounds.

Virginia law dictates whether Peters acted as Bransen's alter ego for the purpose of establishing jurisdiction. *Int'l Bancorp, LLC. v. Societe Des Baine De Mer Et Du Cercle Des Estrangers A Monaco*, 192 F. Supp. 2d 467, 477 (E.D. Va. 2002); *see Newport News Holding Corp.*, 650 F.3d at 433-34 (applying Virginia's corporate veil piercing statute to establish personal jurisdiction over an Alabama corporation).[4] Under Virginia law, a court may pierce the corporate veil "to find that an individual is the alter ego of a corporation where it finds '(i) a unity of interest and ownership between [the individual and the corporation], and (ii) that [the individual] used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage.'" *Newport News Holding Corp.*, 650 F.3d at 434 (alterations in original) (quoting *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 306 F.3d 126, 132 (4th Cir. 2002)).[5] Piercing the corporate veil is an "extraordinary act" permitted only when "necessary to promote justice." *C.F. Trust, Inc. v. First Flight L.P.*, 266 Va. 3, 10, 580 S.E.2d 806, 809 (Va. 2003). To pierce the veil, a court must make a "fact-specific determination" that requires it to "closely scrutinize" the factual circumstances surrounding the allegations. *Id.* at 10, 810.

Here, the facts support corporate veil piercing. The complaint shows that Peters used his unity of ownership and interest to gain an unfair advantage. First, Peters' role as Bransen's president, owner, and sole shareholder establishes a unity of ownership. Peters also showed a unity of interest by siphoning more than \$2.66 million away from Bransen for his personal

---

[4] Dominion incorrectly claimed, and Peters did not contest, that the law of North Carolina—the state of Bransen's incorporation—determines whether the Court can pierce the corporate veil for the purpose of establishing personal jurisdiction. While North Carolina law will ultimately determine whether the Court can pierce the corporate veil to impose liability, the substantive law of the state of incorporation does not affect questions of personal jurisdiction in the forum state. *See Int'l Bancorp, LLC. v. Societe Des Baine De Mer Et Du Cercle Des Estrangers A Monaco*, 192 F. Supp. 2d 467, 477 n.18 (E.D. Va. 2002).

[5] *See also Cheatle v. Rudd's Swimming Pool*, 234 Va. 207, 360 S.E.2d 828 (Va. 1987).

benefit. Peters knew on February 15, 2012, that he had breached the contract and needed to replace the coal. Despite this admission, Peters and his family used Bransen as a personal checking account: Peters' wife and mother each wrote checks from Bransen's account without any business connection to the company; Peters also created new companies with no connection to Bransen and funded them with Bransen's money; and Peters unconditionally pledged Bransen's assets to secure a $9 million note for another company. These facts establish a unity of ownership and interest.

These allegations make a prima facie showing that Peters used the corporate structure to avoid liability to Dominion by making corporate decisions that benefited him and not his corporation. *See A.G. Dillard, Inc. v. Stonehaus Construction, LLC*, 2016 WL 3213630, at \*3 (Va. 2016). Since the Court has jurisdiction over Bransen, it also has jurisdiction over Peters as its alter ego. *Newport News Holding Corp.*, 650 F.3d at 433.

### *B. Res Judicata*

Virginia's *res judicata* rules apply to determine whether the prior case in this Court precludes Dominion's claims. *Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006) ("[T]he preclusive effect, if any, of the first action on the second action should have been decided under the *res judicata* law of the state of Virginia—the law of the state where the federal district court sat in the first action.") (citation omitted). In Virginia, no party may sue the same opposing party for any cause of action arising from the same "conduct, transaction, or occurrence" after a final judgment has been issued. Supreme Court of Virginia Rule 1.6.

*Res judicata* does not apply to the corporate veil piercing claim. Corporate veil piercing is not a separate cause of action, but instead a means to impose liability on an underlying cause of action. *See Shearson Lehman Hutton, Inc. v. Venners*, 165 F.3d 912, 1998 WL 761505 (4th

5

Cir. 1998). Even if this case were a separate cause of action, the operative facts for both Dominion's veil piercing claim and breach of fiduciary duty claim differ from Dominion's earlier breach of contract claim. The 2014 case alleged that Bransen improperly delivered coal containing coke breeze. The current suit involves separate actions by Peters to siphon money away from Bransen and render it incapable of paying Dominion. *Res judicata* does not apply here and the Court denies the motion to dismiss on this ground.

## C. Doctrine of Marshalling Assets

In Virginia, the doctrine of marshalling assets "is applied only where one creditor has a lien against two funds or estates, belonging to the same person, and a junior lienor has a lien against only one of the same funds or estates." *National Valley Bank of Staunton v. Kanawha Banking & Trust Co.*, 151 Va. 446, 451, 145 S.E. 432, 434 (1928). The doctrine allows junior lienors to compel senior lienors to foreclose on only that property necessary to satisfy the senior lienor's debt, without invading on property in which the junior lienor has an interest. *In re Virginia Block Co.*, 6 B.R. 670, 673 (Bankr. W.D. Va. 1980). This case does not involve competing lienors, and the doctrine does not apply.

Further, Peters' defense depends on the existence of liens outside the scope of the complaint. When a defendant raises an affirmative defense in a motion to dismiss, a court may rule on the motion only where the necessary facts appear on the face of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

The Court denies the motion to dismiss on this ground.

## D. Statute of Limitations

A federal court sitting in diversity must apply the forum state's statute of limitations whenever the forum state would apply it, even in cases where the forum state applies a different

state's substantive law to the underlying claim. *See Fiberlink Communications Corp. v. Magarity*, 24 Fed. App'x. 178, 181 (4th Cir. 2001). Virginia applies its own statute of limitations with few exceptions, and the parties do not dispute that Virginia's statutes of limitations apply to this case. *Id.* Virginia's statutes of limitations do not bar any of Dominion's claims at this stage.

It remains unclear whether Virginia uses laches or applies the 20-year statute of limitations for collecting judgments in corporate veil piercing cases. *Flame S.A. v. Industrial Carriers, Inc.*, 24 F. Supp. 3d 493, 502 (E.D. Va. 2014).[6] In any event, the facts do not, on their face, show that either period would limit Dominion's claims. For laches to bar an equitable claim, the defendant must demonstrate prejudice as a result of the plaintiff's delay in filing the case. *Id.* at 502–03. Peters has shown no such prejudice at this stage. Moreover, all of the facts alleged in the complaint occurred well within the 20-year period. Neither doctrine bars Dominion's veil piercing claim.

The statute of limitations does not bar Dominion's breach of fiduciary duty claim at the pleadings stage. Virginia's statute of limitations for a breach of fiduciary duty claim is two years. *Informatics Applications Group, Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 424 (E.D. Va. 2011). The complaint alleges that Peters founded or obtained a membership interest in RPM Solutions in June 2015, and that he transferred significant sums of money from Bransen to this business. These transactions occurred within the two year period. Discovery may show that the statute of limitations bars some of Dominion's claims related to breach of fiduciary duties, but the claim survives the motion to dismiss.

---

[6] Contrary to Peters' claims, Virginia's two-year statute of limitations for common law fraud does not apply to veil piercing actions. *Flame S.A.*, 24 F. Supp. 3d at 502.

### E. Law of the Case Doctrine

The law of the case doctrine "restricts a court to legal decisions it has made on the same issues in the same case." *MacDonald v. Moose*, 710 F.3d 154, 161 n.10 (4th Cir. 2013). It also applies where an appellate court establishes a rule and remands to the lower court for further adjudication. *See Sejman v. Warner–Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988). As discussed above, the present case involves issues separate and apart from the breach of contract issues involved in the 2014 case. Issue preclusion may resolve certain factual disputes during the course of litigation, but the law of the case doctrine does prevent Dominion from claiming that Peters fraudulently siphoned money away from Bransen for his own gain—an issue not addressed in the prior litigation. The Court denies the motion to dismiss on this ground.

### F. Punitive Damages[7]

North Carolina law governs the availability of punitive damages because the state of incorporation determines issues related to corporate internal affairs, including fiduciary duties. *See U.S. v. Kolon*, 926 F. Supp. 2d 794 (E.D. Va. 2013). Under North Carolina law, "[c]onduct underlying a breach of fiduciary duty claim can supply the basis for an award of punitive damages" if the plaintiff can show fraud, malice, or willful or wanton conduct. *Folmar v. Harris*, 650 Fed. App'x. 818, 824 (4th Cir. 2016) (applying North Carolina law). For the reasons outlined in the personal jurisdiction section above, Dominion has made a prima facie showing that Peters engaged in willful conduct aimed at preventing Bransen from satisfying its obligations to Dominion. Accordingly, the Court denies the motion to dismiss Dominion's request for punitive damages.

---

[7] Defendants may dismiss punitive damages using a Rule 12(b)(6) motion. *Gutierrez v. Kigelman*, 2014 WL 1255282 (E.D. Va. 2014).

## III. CONCLUSION

For the reasons stated above, the Court denies Peters' motion to dismiss.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: March 22, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge